**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 13, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____________
DATE FILED: 07/14/26

By ECF
Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**

Re: *Alvarez Baltazar v. Commissioner of Social Security*,
No. 20 Civ. 11098 (BCM)

Dear Judge Moses:

This Office represents the Commissioner of Social Security ("Commissioner") in the above-referenced action (herein *Alvarez Baltazare I*), in which Plaintiff's attorney's fees motion under 42 U.S.C. § 406(b) is currently pending before this Court. *See* Dkt. Nos. 29-30. I write jointly with Plaintiff's attorney to inform the Court of the parties' position regarding the impact of the district court's decision in *Alvarez Baltazar v. Comm'r of Social Security*, No. 23 Civ. 2272 (KHP) (herein *Alvarez Baltazar II*), which awarded to a different attorney representing Plaintiff in that case the full amount of fees available under 42 U.S.C. § 406(b), which is 25% of Plaintiff's past due benefits. *See Alvarez Baltazar II*, ECF No. 38. The parties concur that the decision rendered the pending motion before this Court moot, and that the motion should be denied on that basis.

The Social Security Act, 42 U.S.C. § 406(b) provides that whenever a court renders judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for that representation, "not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Only "after ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary," do courts consider various factors concerning the reasonableness of the fee. *See Suwen Zhang v. Berryhill*, No. 17-cv-6492, 2019 WL 2281228, at *2 (W.D.N.Y. May 29, 2019). As the Second Circuit stated in *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022), under prior precedent in *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990), courts are instructed to "'determine whether the contingency percentage is within the 25% cap'" and then consider "whether there has been fraud or overreaching in making the agreement," or "'whether the requested amount is so large as to be a windfall to the attorney.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 371).

"The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Skiff*, 702 F.2d 380, 386 (2d Cir. 1983). Here, because the statutory cap has been met, that is, the full 25% of Plaintiff's past due benefits available for the payment of attorney's fees for representation before the Court under 42 U.S.C. § 406(b), was

already awarded in *Alvarez Baltazar II*, there are no further fees that can be awarded from Plaintiff's past due benefits to Plaintiff's attorney in this case. Accordingly, the parties agree that the motion has been mooted and should be denied as such.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: /s/ *Leslie A. Ramirez-Fisher*
Leslie A. Ramirez-Fisher
Assistant United States Attorney
Tel.: (212) 637-0378
Email: leslie.ramirez-fisher@usdoj.gov

cc: Howard Olinsky, Esq. (by ECF)

As "the parties agree that the motion has been mooted and should be denied as such," the motion for attorney's fees at Dkt. 29 is DENIED. SO ORDERED.

**Barbara Moses**
**United States Magistrate Judge**
**July 14, 2026**